Robert F. Sharp v. City of Bradenton, Charles W. Ward, as Mayor, Harold F. Siver, as City Clerk, and H. C. Lewis, Whitney Curry, and W. D. Conn, as City Councilmen.

185 So. 346

Opinion Filed December 19, 1938.

*W. B. Shelby Crichlow,* for Appellant;
*Hubert Blakey,* for Appellees.

TERRELL, C. J.—In November, 1938, the City of Bradenton in Manatee County adopted an ordinance providing for the issuance of Revenue Certificates in the sum of $148,-000.00 to be used for the construction of extensions and improvements to its waterworks system and to be paid solely from revenues derived from services furnished by said waterworks system.

The said ordinance was predicated on a finding of fact that the City had ample authority to issue said Revenue Certificates, that the present waterworks system is inadequate and insufficient in quality and quantity to supply the needs of the City, that it is imperative that said extensions and improvements be made, that the income from said waterworks system is sufficient to pay said certificates as they mature in addition to operating and other expenses, and that said Revenue Certificates should be issued without an approving vote of the taxpayers as contemplated by Section 6 of Article IX of the Constitution.

The Appellant, a citizen and taxpayer of the City, as complainant in the court below, filed his bill of complaint seeking to restrain the issuance of said Revenue Certificates on the ground that the City of Bradenton was without power to issue them, and on the further ground that they were in effect bonds as contemplated by Section 6, of Article IX of the Constitution, and could not be issued without an approving vote of the freeholders.

The grounds urged here for reversal of the decree below are the same as those urged in the Circuit Court to restrain the issuance of the Certificates. Both questions were con-

606

sidered and definitely answered contrary to the contention of Appellant in McGoon v. Town of Miami Springs, and cases therein cited, decided December 16, 1938.

The City Charter of Bradenton, Chapter 9692, Acts of 1923, and amendments thereto, have been examined and we think the City is authorized to issue said revenue certificates. Since they are to be paid solely from revenues from the waterworks system, they are not bonds requiring an approving vote of the people as contemplated by Section 6, of Article IX of the Constitution The City as a taxing unit is not bound for any part of the obligation incurred.

The decree below is therefore affirmed on authority of the last cited case and cases therein cited.

WHITFIELD, BROWN, CHAPMAN, and THOMAS, J. J., concur.